Paul A. Bilzerian, Pro Se
P.O. Box 2086
Basseterre, St. Kitts
The Residences
Frigate Bay, St. Kitts
Telephone: (869) 466-8000
Email: pabilzeria@aol.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>PAUL A. BILZERIAN, IGNITE INTERNATIONAL BRANDS, LTD, and SCOTT ROHLEDER.<br><br>Defendants. | Case No. 2:24-cr-00569-MCS-1<br><br>DECLARATION IN SUPPORT OF PAUL BILZERIAN'S REPLY TO GOVERNMENT'S OPPOSITION TO PAUL BILZERIAN'S MOTION TO DISMISS INDICTMENT |

Defendant, Paul A. Bilzerian, hereby respectfully submits his Declaration in Support of his Memorandum of Law in Reply to Government's Opposition to Motion to Dismiss on Speedy Trial (Dkt. 180).

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct on this 20th day of August 2026.

1. From the day the indictment in this case was issued and at all times since, I have tried to do everything humanly possible that I could think of to try to get to the United States to defend against the charges. Lawyers have advised government counsel on my behalf that I want to come in, but cannot gain entry on my own, and

I have even asked the Court to order the government to help facilitate my entry. It has all been to no avail.

2. When it became clear to the lawyers who had tried to intervene with government counsel on my behalf that government counsel had no intention of helping me get into the country, one of the lawyers told me that it seemed apparent to him that government counsel did not want me at the trial; accordingly, on January 19, 2025, some nineteen (19) months ago, I applied to the US State Department for a multiple entry visa so I could attend trial in this case that was then scheduled to begin in May 2025. [See Exhibit 1, attached hereto].[1]

3. It is my understanding the trial dates have been set in this case without anyone ever apprising me of them and they have been continued without anyone ever consulting me. I have never agreed to any continuance in this case. I also have never been provided with any of the discovery in this case.

4. On October 29, 2025, with all of my efforts having failed in finding a way to get entry into the country to physically come before the Court, I filed a formal Notice of Appearance and Demand for a Speedy Trial, advising the Court directly

---

[1] As I mentioned in my Motion to Dismiss, the SEC had no trouble finding me in St. Kitts to serve me with its parallel civil complaint on October 7, 2024, two weeks after the indictment was filed. I have defended myself in that case ever since. My wife and I have lived on the same street in St. Kitts for the past 15 years. Additionally, government counsel in this case has been in touch with me on multiple occasions and has known where I am and how to reach me at all times since the indictment.

that I wanted to defend myself in the case. This included a motion asking the Court to order the government to help me enter the country to physically appear and defend the case. [Dkt. 141]. Two weeks later, on November 11, 2025, I filed a Motion to Dismiss the Indictment for violation of my right to a speedy trial. [Dkt 148]. The government did not file an opposition to either motion. Eight months later, on July 17, 2026, and only after I filed a Mandamus Petition in the Ninth Circuit and after this Court ordered the government to file a response to my Motion to Dismiss did the government file its Opposition.

5. On December 10, 2025, notwithstanding my pending unopposed Motion to Dismiss the Indictment, the trial date was continued yet again without anyone ever consulting with me, with the new date of trial more than two years after the original indictment. [Dkt 174].

**Extradition Proceedings in St Kitts**

6. In its Opposition, the government completely misrepresents its efforts to extradite me. After waiting eighteen months after the indictment was filed, the government filed a purported extradition request to St. Kitts on or about March 20, 2026, the exact same time AUSA Lachman was supposedly exchanging emails with me addressing my voluntary return to the United States. (I have attached the texts of the email correspondence with AUSA Lachman as Exhibit 2). The government wrote in its Opposition that I am "currently resisting extradition" and that I am litigating

"to resist [my] extradition to the United States." [Dkt. 180 at 1]. The government continues on the following page stating that I am "fight[ing] the extradition that would bring him to trial." [Dkt. 180 at 2].[2]

7. The government's assertions that I have been fighting extradition for the past five months, like almost everything else the government wrote in its Opposition, could not be further from the truth. In fact, at the very first extradition hearing, the Director of Public Prosecutions appeared for the Government of Saint Kitts and asked the Court for the proceedings to be adjourned *sine die*, which request was granted by the court. [See Affidavit of St. Kitts attorney Bervis Burke, attached hereto as Exhibit 3.] That was the first and last hearing scheduled in relation to my extradition proceeding, which continues to be adjourned indefinitely. I never had the opportunity to even decide whether to oppose extradition because the matter was suspended indefinitely before it even got started.[3]

[2] The government mentions the extradition proceedings more than sixty times in its Opposition, falsely claiming that I am fighting extradition.

[3] The government's extradition request did accomplish one objective though – I was arrested and thrown in a medieval 200-year-old prison that was so overcrowded I had to sleep on a concrete floor underneath a bunk bed that allowed me only one inch of space so I could not maneuver to chase away the flesh-eating bugs that feasted on my legs and feet throughout the nights. Fifteen prisoners charged with crimes ranging from theft to murder were locked down for twenty-three hours a day in a smoke-filled cell with inadequate ventilation made for four occupants. To call it barbaric for a 76-year-old nonsmoker would be overly generous.

8. The government also disingenuously writes: "nothing prevented him from surrendering without a visa at a US port of entry." [Dkt. 180 at 3]. The government knows full well that I could not even purchase an airline ticket from St. Kitts to the United States without demonstrating I had a visa to enter the United States which is why I filed my visa application in January 2025. Additionally, notwithstanding all of my efforts to gain entry and to force the government to help me, not once has the government ever mentioned to me or suggested in its filing with the Court that I could just present myself at a port of entry without a visa.

9. As mentioned, on October 29, 2025, five months before the government filed its extradition request, I filed my "Notice of Appearance, Demand for Speedy Trial and Motion for an Order Directing the US Attorney to Request the State Department to Grant His Application for a Visa to Enter the United States to Attend the Trial in This Case" (hereinafter referred to as "Demand for Speedy Trial"). [Dkt 141.]

10. I wrote in my Demand for Speedy Trial: "my only interest is to be able to voluntarily enter the United States, surrender my passport, be arraigned with bail conditions that allow me to be released on my own recognizance (I have never failed to appear in any court proceeding in the world) and resolve this case. No honest person could consider me a danger to the community and no rational, fair-minded person would consider me a flight risk under the present circumstances." [Dkt 141,

pp. 3-4]. As in the prior thirteen months and over the following five months, the government did nothing to assist me in my efforts to voluntarily enter the United States.

I further wrote:

> Under the circumstances of this case, the State Department should provide me with a visa. I was born in the United States, volunteered to serve in the United States Army in 1968, and volunteered to serve in the Central Highlands of Vietnam in 1970 where the fighting was the most intense. I received a Vietnamese Gallantry Cross, a Bronze Star and an Army Commendation Medal as a first lieutenant for serving with the Fourth Infantry Division and other commands.
>
> Unfortunately, my extraordinary patriotism and willingness to give my life to defend the American government, was not appreciated by Rudy Gulliani while he was serving as the United States Attorney for the Southern District of New York where he indicted and served me with a fabricated indictment on Christmas Eve 1988. I demanded a speedy trial, like I will do in this case, and discovered to my great surprise that innocent men can be convicted, especially if the prosecutors have the power to suborn perjury and threaten witnesses to lie or be severely punished.
>
> I have made many mistakes in my life, but none has been more painful than believing in the goodness and decency of the US government, its lawyers and the federal judicial system. When I finally realized justice for me was not possible, with the greatest of reluctance, sadness and disappointment, I renounced my United States citizenship in 2019 and have not set foot in the United States since.
>
> If I cannot obtain a visa to enter the United States then I will ask this Court to issue an order that will allow me to have an official of the St Kitts government escort me to this Court where I can be arraigned, surrender my passport, and be released on my own recognizance to be with my wife and family through trial.

Demand for Speedy Trial [Dkt 141, pp 4-6].

11. To the best of my knowledge, there are only three ways that I could legally enter the United States all of which require the government's assistance: (1) with a government issued visa; (2) by escort with a government official; or (3) by extradition.

12. The fastest and easiest way for me to enter the United States was by a visa issued by the government. This would have cost the government nothing and would have eliminated any argument by me that I was unable to attend the trial. Once I entered the United States, my passport would have been taken, and I would have been taken into custody and ultimately brought before the Court for arraignment and a determination of my bail conditions, if any. While lawyers on my behalf have asked for the government to agree to conditions of release, I never conditioned my desire or willingness to appear on any such agreement; nor have I ever believed I had the right to condition my appearance on any such agreement. I also have understood at all times that conditions of release are up to the Court not government counsel. Once I entered the United States, I knew I would have zero control over my fate all the way through trial and, if convicted, beyond trial. I would have been completely at the mercy of the government from the moment of entry into the United States and until I was brought before the Court. Thereafter, I would be at the mercy of the Court with respect to bail conditions through trial and, if convicted, beyond trial. And

based upon my prior nearly forty-years of experience with government lawyers, I expected to be treated unfairly, dishonestly, and harshly with nothing but vindictiveness and meanness. Not one single lawyer, family member or friend I spoke with thought it was wise for me to return to the United States, but I insisted to everyone that was what I intended to do.

13. It was under these circumstances that I determined, without any reservation, that I would return to the United States to stand trial if for no other reason than to testify for my fellow defendants, Scott Rohleder and Ignite, as well as to testify in my own defense. I could not afford a lawyer and had no intention of having one appointed for me, so I was resolved to defend myself at no cost to the government.

14. In my Demand for Speedy Trial, I wrote: "If I cannot obtain a visa to enter the United States then I will ask this Court to issue an order that will allow me to have an official of the St Kitts government escort me to this Court where I can be arraigned, surrender my passport, and be released on my own recognizance to be with my wife and family through trial." [Dkt 141, p5.] Of course, the government could have also sent an escort to accompany me to the United States. The Court never issued any order to allow a St. Kitts government official to escort me to the United States which would have enabled me to purchase a plane ticket. The government has also never responded to this request.

15. The ONLY reason I was not able to appear before the Court over the past twenty-three months is because the government not only made no effort whatsoever to help me appear but actually did all that it could to discourage me from appearing. The Opposition is filled with misrepresentations but completely devoid of any honest reasons why the government has not assisted me in my efforts to come before the Court over the past two years to face the meritless charges against me. Mr. Hedding's assessment after talking with Mr. Pang in March 2025 that, "I do not think that they want Paul at the trial" is the only rational explanation for the government's conduct here.

St. Kitts
August 20, 2026

Respectfully submitted,

Paul A Bilzerian

Paul Bilzerian

EXHIBIT 1

U.S. DEPARTMENT of STATE
CONSULAR ELECTRONIC APPLICATION CENTER

Next

## Online Nonimmigrant Visa Application (DS-160)

Application - *Sensitive But Unclassified(SBU)*

**We do not need a printed copy of your application at any point during your interview process. Only print this application if you want a copy for your own records. If you print your application, please keep it secure.**

Photo Provided:



Confirmation Number: AA00E8E64N

## Your Personal Copy -- Do Not Bring to Interview

### Personal, Address, Phone, and Passport/Travel Document Information

| | |
|---|---|
| Name Provided: | BILEZERIAN, PAUL ALEC |
| Full Name in Native Language: | DOES NOT APPLY |
| Other Names Used: | YES |
| Other Name (1): | BILZERIAN, PAUL ALEC |
| Telecode Name Used: | NO |
| Sex: | MALE |
| Marital Status: | MARRIED |
| Date of Birth: | 18 JUNE 1950 |
| Place of Birth: | MIAMI, FLORIDA, UNITED STATES OF AMERICA |
| Country/Region of Origin (Nationality): | ST. KITTS AND NEVIS |
| Do you hold or have you held any nationality other than the one indicated above on nationality? | YES |
| Other Country/Region of Origin (Nationality) (1): | ARMENIA |
| Do you hold a passport for the other country/region of origin (nationality) above? | YES |
| Passport Number: | BA3241308 |
| Other Country/Region of Origin (Nationality) (2): | UNITED STATES OF AMERICA |
| Do you hold a passport for the other country/region of origin (nationality) above? | NO |
| Are you a permanent resident of a country/region other than your country/region of origin (nationality) above? | NO |
| National Identification Number: | 05418602 |

Your Personal Copy -- Do Not Bring to Interview

Your Personal Copy -- Do Not Bring to Interview

| | |
|---|---|
| U.S. Social Security Number: | 016425589 |
| U.S. Taxpayer ID Number: | DOES NOT APPLY |
| Home Address: | 631 ST CHRISTOPHER CLUB |
| City: | FRIGATE BAY |
| State/Province: | DOES NOT APPLY |
| Postal Zone/ZIP Code: | DOES NOT APPLY |
| Country/Region: | ST. KITTS AND NEVIS |
| Same Mailing Address? | NO |
| Mailing Address: | PO BOX 2086 |
| City: | BASSETERRE |
| State/Province: | DOES NOT APPLY |
| Postal Zone/ZIP Code: | DOES NOT APPLY |
| Country/Region: | ST. KITTS AND NEVIS |
| Primary Phone Number: | 8694668000 |
| Secondary Phone Number: | 8696607347 |
| Work Phone Number: | DOES NOT APPLY |
| Do you have any additional phone numbers? | NO |
| Email Address: | pabilzeria@aol.com |
| Do you have any additional email addresses? | YES |
| Additional Email: (1): | PAUL@INTERNATIONALINVESTMENTSLTD.COM |
| Do you have a social media presence? | |
| Social Media Platform: (1): | Facebook |
| Social Media Identifier: | PAUL BILZERIAN |
| Do you have any additional social media presence? | NO |
| Passport/Travel Document Type: | REGULAR |
| Passport/Travel Document Number: | RE0060288 |
| Passport Book Number: | DOES NOT APPLY |
| Country/Authority that Issued Passport/Travel Document: | ST. KITTS AND NEVIS |
| City Where Issued: | BASSETERRE |
| Country/Region Where Issued: | ST. KITTS AND NEVIS |
| Issuance Date: | 01 JUNE 2017 |
| Expiration Date: | 31 MAY 2027 |
| Have you ever lost a passport or had one stolen? | NO |

## Travel Information

| | |
|---|---|
| The List of Purposes of Trip to the U.S. | |
| Purpose of Trip to the U.S. (1): | TEMP. BUSINESS OR PLEASURE VISITOR (B) |
| Specify: | BUSINESS OR TOURISM (TEMPORARY VISITOR) (B1/B2) |
| Have you made specific travel plans? | NO |
| Intended Date of Arrival: | 01 MAY 2025 |

Your Personal Copy -- Do Not Bring to Interview

Your Personal Copy -- Do Not Bring to Interview

| | |
|---|---|
| Intended Length of Stay in U.S.: | 3 MONTH(S) |
| Address where you will stay in the U.S.: | 13236 COUNTY ROAD 103 |
| City, State, Postal/Zip Code: | CROSSLAKE, MINNESOTA 56442 |
| Person/Entity Paying for Your Trip: | |
| Are there other persons traveling with you? | YES |
| Are you traveling as part of a group or organization? | NO |
| Persons Traveling with You: | |
| Name (1): | STEFFEN, TERRI LEE |
| Relationship to You: | SPOUSE |
| Have you ever been in the U.S.? | YES |
| Date Arrived (1): | 28 MARCH 2019 |
| Length of Stay: | 20 DAY(S) |
| Date Arrived (2): | 17 DECEMBER 2018 |
| Length of Stay: | 27 DAY(S) |
| Date Arrived (3): | 22 MAY 2018 |
| Length of Stay: | 4 DAY(S) |
| Date Arrived (4): | 01 APRIL 2018 |
| Length of Stay: | 18 DAY(S) |
| Date Arrived (5): | 17 DECEMBER 2017 |
| Length of Stay: | 29 DAY(S) |
| Do you or did you hold a U.S. Driver's License? | YES |
| Driver's License Number (1): | B426010831060 |
| State of Driver's License: | FLORIDA |
| Have you ever been issued a U.S. visa? | NO |
| Have you ever been refused a U.S. Visa, or been refused admission to the United States, or withdrawn your application for admission at the port of entry? | YES |
| Explain: | DURING COVID I SOUGHT A MEDICA L VISA AND WAS REJECTED WITHOU T EXPLANATION |
| Has anyone ever filed an immigrant petition on your behalf with the United States Citizenship and Immigration Services? | NO |

### U.S. Contact Information

| | |
|---|---|
| Contact Person Name in the U.S.: | STEFFEN, TERRI LEE |
| Organization Name in the U.S.: | DO NOT KNOW |
| Relationship to You: | SPOUSE |
| U.S. Contact Address: | 13236 COUNTY ROAD 103 |
| | CROSSLAKE, MINNESOTA 56442 |
| Phone Number: | 8134037300 |
| Email Address: | terristeffen@aol.com |

### Family Information

| | |
|---|---|
| Father's Surnames: | BILEZERIAN |

Your Personal Copy -- Do Not Bring to Interview

**Your Personal Copy -- Do Not Bring to Interview**

| | |
|---|---|
| Father's Given Names: | OSCAR ALEXANDER |
| Father's Date of Birth: | 25 MARCH 1921 |
| Is your father in the U.S.? | NO |
| Mother's Surnames: | BILZERIAN |
| Mother's Given Names: | JOAN IRENE |
| Mother's Date of Birth: | 21 JULY 1928 |
| Is your mother in the U.S.? | NO |
| Do you have any immediate relatives, not including parents in the U.S.? | YES |
| Relative Name (1): | BILZERIAN, DAN BRANDON |
| Relationship to you: | CHILD |
| Status: | U.S. CITIZEN |
| Relative Name (2): | BILZERIAN, ADAM JACOB |
| Relationship to you: | CHILD |
| Status: | U.S. LEGAL PERMANENT RESIDENT (LPR) |
| Spouse's Full Name: | STEFFEN, TERRI LEE |
| Spouse's Date of Birth: | 19 JUNE 1954 |
| Spouse's Country/Region of Origin (Nationality): | UNITED STATES OF AMERICA |
| Spouse's City of Birth: | MINNEAPOLIS |
| Spouse's Country/Region of Birth: | UNITED STATES OF AMERICA |
| Spouse’s Address: | SAME AS U.S. CONTACT ADDRESS |

## Work/Education/Training Information

| | |
|---|---|
| Primary Occupation: | BUSINESS |
| Present Employer or School Name: | IIC MANAGEMENT COMPANY |
| Address: | 858 ZENWAY BLVD |
| City: | FRIGATE BAY |
| State/Province: | DOES NOT APPLY |
| Postal Zone/Zip Code: | DOES NOT APPLY |
| Country/Region: | ST. KITTS AND NEVIS |
| Work Phone Number: | 8694668000 |
| Monthly Salary in Local Currency (if employed): | DOES NOT APPLY |
| Briefly Describe your Duties: | CONSULTANT |
| Were you previously employed? | NO |
| Have you attended any educational institutions at a secondary level or above? | YES |
| Name of Institution (1): | HARVARD UNIVERSITY |
| Address of Institution: | SOLDIERS FIELD |
| City: | BOSTON |
| State/Province: | MASSACHUSETTS |
| Postal Zone/ZIP Code: | 02163 |
| Country/Region: | UNITED STATES OF AMERICA |

**Your Personal Copy -- Do Not Bring to Interview**

Your Personal Copy -- Do Not Bring to Interview

| | |
|---|---|
| Course of Study: | BUSINESS MANAGEMENT |
| Date of Attendance From: | 01 SEPTEMBER 1975 |
| Date of Attendance To: | 01 JUNE 1977 |
| Name of Institution (2): | STANFORD UNIVERSITY |
| Address of Institution: | 450 JANE STANFORD WAY |
| City: | STANFORD |
| State/Province: | CALIFORNIA |
| Postal Zone/ZIP Code: | 94305 |
| Country/Region: | UNITED STATES OF AMERICA |
| Course of Study: | POLITICAL SCIENCE |
| Date of Attendance From: | 01 SEPTEMBER 1973 |
| Date of Attendance To: | 01 JUNE 1975 |
| Name of Institution (3): | CLARK UNIVERSITY |
| Address of Institution: | 950 MAIN STREET |
| City: | WORCESTER |
| State/Province: | MASSACHUSETTS |
| Postal Zone/ZIP Code: | 01610 |
| Country/Region: | UNITED STATES OF AMERICA |
| Course of Study: | POLITICAL SCIENCE |
| Date of Attendance From: | 01 SEPTEMBER 1971 |
| Date of Attendance To: | 01 JUNE 1973 |
| Do you belong to a clan or tribe? | NO |
| Provide a List of Languages You Speak: | |
| Language Name (1): | ENGLISH |
| Have you traveled to any countries/regions within the last five years? | YES |
| Provide a List of Countries/Regions Visited | |
| Country/Region (1): | ANTIGUA AND BARBUDA |
| Country/Region (2): | BRAZIL |
| Country/Region (3): | PARAGUAY |
| Have you belonged to, contributed to, or worked for any professional, social, or charitable organization? | NO |
| Do you have any specialized skills or training, such as firearms, explosives, nuclear, biological, or chemical experience? | NO |
| Have you ever served in the military? | YES |
| Service (1): | |
| Name of Country/Region: | UNITED STATES OF AMERICA |
| Branch of Service: | ARMY |
| Rank/Position: | FIRST LIEUTENANT |
| Military Speciality: | SIGNAL CORP |
| Date of Service From: | 18 DECEMBER 1968 |
| Date of Serivice To: | 11 SEPTEMBER 1971 |

Your Personal Copy -- Do Not Bring to Interview

Case 2:24-cr-00569-MCS Document 185-1 Filed 08/20/26 Page 16 of 27 Page ID #:2742

**Your Personal Copy -- Do Not Bring to Interview**

| | |
|---|---|
| Have you ever served in, been a member of, or been involved with a paramilitary unit, vigilante unit, rebel group, guerrilla group, or insurgent organization? | NO |

## Security and Background Information

| | |
|---|---|
| Do you have a communicable disease of public health significance? (Communicable diseases of public significance include chancroid, gonorrhea, granuloma inguinale, infectious leprosy, lymphogranuloma venereum, infectious stage syphilis, active tuberculosis, and others diseases as determined by the Department of Health and Human Services.) | NO |
| Do you have a mental or physical disorder that poses or is likely to pose a threat to the safety or welfare of yourself or others? | NO |
| Are you or have you ever been a drug abuser or addict? | NO |
| Have you ever been arrested or convicted for any offense or crime, even though subject of a pardon, amnesty, or other similar action? | YES |

Explain: ON JUNE 9, 1989 I WAS CONVICTE D FOR FAILING TO TIMELY AND AC CURATELY DISCLOSE INFORMATION ON 13D FORMS FILED WITH THE SE C.

| | |
|---|---|
| Have you ever violated, or engaged in a conspiracy to violate, any law relating to controlled substances? | NO |
| Are you coming to the United States to engage in prostitution or unlawful commercialized vice or have you been engaged in prostitution or procuring prostitutes within the past 10 years? | NO |
| Have you ever been involved in, or do you seek to engage in, money laundering? | NO |
| Have you ever committed or conspired to commit a human trafficking offense in the United States or outside the United States? | NO |
| Are you the spouse, son, or daughter of an individual who has committed or conspired to commit a human trafficking offense in the United States or outside the United States and have you within the last five years, knowingly benefited from the trafficking activities? | NO |
| Have you knowingly aided, abetted, assisted or colluded with an individual who has committed or conspired to commit a severe human trafficking offense in the United States or outside the United States? | NO |
| Do you seek to engage in espionage, sabotage, export control violations, or any other illegal activity while in the United States? | NO |
| Do you seek to engage in terrorist activities while in the United States or have you ever engaged in terrorist activities? | NO |
| Have you ever or do you intend to provide financial assistance or other support to terrorists or terrorist organizations? | NO |
| Are you a member or representative of a terrorist organization? | NO |
| Are you the spouse, son, or daughter of an individual who has engaged in terrorist activity, including providing financial assistance or other support to terrorists or terrorist organizations, in the last five years? | NO |
| Have you ever ordered, incited, committed, assisted, or otherwise participated in genocide? | NO |
| Have you ever committed, ordered, incited, assisted, or otherwise participated in torture? | NO |
| Have you committed, ordered, incited, assisted, or otherwise participated in extrajudicial killings, political killings, or other acts of violence? | NO |
| Have you ever engaged in the recruitment or the use of the child soldiers? | NO |
| Have you, while serving as a government official, been responsible for or directly carried out, at any time, particularly severe violations of religious freedom? | NO |
| Have you ever been directly involved in the establishment or enforcement of the population controls forcing a woman to undergo an abortion against her free choice or a man or a woman to undergo sterilization against his or her free will? | NO |
| Have you ever been directly involved in the coercive transplantation of human organs or bodily tissue? | NO |
| Have you ever been the subject of a removal or deportation hearing? | NO |

**Your Personal Copy -- Do Not Bring to Interview**

**Your Personal Copy -- Do Not Bring to Interview**

| | |
|---|---|
| Have you ever sought to obtain or assist others to obtain a visa, entry into the United States, or any other United States immigration benefit by fraud or willful misrepresentation or other unlawful means? | NO |
| Have you failed to attend a hearing on removability or inadmissibility within the last five years? | NO |
| Have you ever been unlawfully present, overstayed the amount of time granted by an immigration official or otherwise violated the terms of a U.S. visa? | NO |
| Have you ever been removed or deported from any country? | NO |
| Have you ever withheld custody of a U.S. citizen child outside the United States from a person granted legal custody by a U.S. court? | NO |
| Have you voted in the United States in violation of any law or regulation? | NO |
| Have you ever renounced United States citizenship for the purpose of avoiding taxation? | NO |
| Have you attended a public elementary school on student (F) status or a public secondary school after November 30, 1996 without reimbursing the school? | NO |

### Location Information

Location where you will be submitting your application

Current Location: BRIDGETOWN, BARBADOS

### Preparer of Application

Did anyone assist you in filling out this application? NO

**Your Personal Copy -- Do Not Bring to Interview**

You electronically signed your application on 19-Jan-2025 08:32:57 (GMT-05:00). You were required to electronically sign your application yourself, unless otherwise exempt by regulation, even if the application was prepared by someone other than yourself. Your electronic signature certifies that you have read and understood the questions in this application and that your answers are true and correct to the best of your knowledge and belief. The submission of an application containing any false or misleading statements may result in the permanent refusal of a visa or the denial of entry into the United States. All declarations made in this application are unsworn declarations made under penalty of perjury. (28 U.S.C. 1746).

You certified that you understand that you are required to submit your visa to the United States Immigration Officer at the port where you apply to enter the United States, and that possession of the visa does not entitle you to enter the United States if, upon your arrival, you are found to be inadmissible under U.S. immigration laws. You certified that you understand that any willfully false or misleading statement or willful concealment of a material fact made by you within the application may subject you to permanent exclusion from the United States and, if you are admitted to the United States, may subject you to criminal prosecution and/or deportation.

The information that you have provided in your application and other information submitted with your application may be accessible to other government agencies having statutory or other lawful authority to use such information, including for law enforcement and immigration law enforcement purposes. If fingerprints are collected as part of your application process, they may be used for the purpose of comparing them to other fingerprints in the FBI's Next Generation Identification (NGI) fingerprint system or its successor systems (including civil, criminal, and latent fingerprint repositories). The photograph that you provide with your application may be used for employment verification or other U.S. law purposes.

Back: Confirmation Page | Print Application

U.S. DEPARTMENT of STATE
CONSULAR ELECTRONIC APPLICATION CENTER

Print Confirmation

## Online Nonimmigrant Visa Application (DS-160)

# Confirmation

A A 0 0 E 8 E 6 4 N

**This confirms the submission of the Nonimmigrant visa application for:**



| | |
|---|---|
| Name Provided: | BILEZERIAN, PAUL ALEC |
| Date Of Birth: | 18 JUN 1950 |
| Place of Birth: | MIAMI, UNITED STATES OF AMERICA |
| Gender: | Male |
| Country/Region of Origin (Nationality) : | ST. KITTS AND NEVIS |
| Passport Number: | RE0060288 |
| Purpose of Travel: | BUSINESS/PERSONAL (B1/B2) |
| Completed On: | 19 JAN 2025 |
| Confirmation No: | **AA00E8E64N** |

**THIS IS NOT A VISA**

Location Selected:

**BGN**
**U.S. Embassy Bridgetown**
**Wildey Business Park**
**St. Michael BB 14006**

Version 01.10.01

Note: Electronically submitting your DS-160 online application is the FIRST STEP in the visa application process. The next step is to review the internet page of the embassy or consulate where you plan to apply for your visa. Most visa applicants will need to schedule a visa interview, though some applicants may qualify for visa renewal. The embassy or consulate information may include specific local instructions about scheduling interviews, submitting your visa application, and other frequently asked questions.

**YOU MUST BRING** the confirmation page and the following document(s) with you at all steps during the application process:

**Passport**

You may also provide any additional documents you feel will support your case.

A A 0 0 E 8 E 6 4 N

# Instructions

**YOU MUST SUBMIT** the confirmation page with a clear and legible barcode at the time of your interview. If you do not have access to a printer at this time, select the option to email your confirmation page to an email address. You may print or email your application for your own records. **YOU DO NOT** need to submit the application at the time of the interview.

Please note that you will be required to provide proof that you have paid the visa application fee and any other fees associated with your application. There may be other fees associated with the visa application process. Please check your country's Reciprocity Schedule for any other fees you may owe.

If you have further questions, or to find out how to contact the Consular Post, please go to https://bb.usembassy.gov/visas or http://travel.state.gov.

NOTE: Unless exempt from an interview, you will be required to sign your application by providing a biometric signature, i.e. your fingerprint before a consular officer. By providing this biometric signature you are certifying under penalty of perjury that you have read and understood the questions in your nonimmigrant visa application and that all statements that appear in your nonimmigrant visa application have been made by you and are true and complete to the best of your knowledge and belief. Furthermore at the time of your interview, you will be required to certify under penalty of perjury that all statements in your application and those made during your interview are true and compete to the best of your knowledge and belief.

You electronically signed your application on 19-Jan-2025 10:31:52 (GMT-05:00). You were required to electronically sign your application yourself, unless otherwise exempt by regulation, even if the application was prepared by someone other than yourself. Your electronic signature certifies that you have read and understood the questions in this application and that your answers are true and correct to the best of your knowledge and belief. The submission of an application containing any false or misleading statements may result in the permanent refusal of a visa or the denial of entry into the United States. All declarations made in this application are unsworn declarations made under penalty of perjury. (28 U.S.C. 1746).

You certified that you understand that you are required to submit your visa to the United States Immigration Officer at the port where you apply to enter the United States, and that possession of the visa does not entitle you to enter the United States if, upon your arrival, you are found to be inadmissible under U.S. immigration laws. You certified that you understand that any willfully false or misleading statement or willful concealment of a material fact made by you within the application may subject you to permanent exclusion from the United States and, if you are admitted to the United States, may subject you to criminal prosecution and/or deportation.

The information that you have provided in your application and other information submitted with your application may be accessible to other government agencies having statutory or other lawful authority to use such information, including for law enforcement and immigration law enforcement purposes. If fingerprints are collected as part of your application process, they may be used for the purpose of comparing them to other fingerprints in the FBI's Next Generation Identification (NGI) fingerprint system or its successor systems (including civil, criminal, and latent fingerprint repositories). The photograph that you provide with your application may be used for employment verification or other U.S. law purposes.

EXHIBIT 2

On Tuesday, March 17, 2026 at 07:29:58 PM GMT-4, Lachman, David (USACAC) <david.lachman@usdoj.gov> wrote:

Mr. Bilzerian,

We understand through your court filings and various other communications that you wish to be granted permission to enter the United States to appear as a defendant in the criminal case United States v. Bilzerian et al., 2:24-CR-00569-MEMF. If that remains your intention, please notify us immediately so that we may facilitate your entry into the United States within the next few weeks.

Please do not hesitate to contact us should you have any questions.

Respectfully,

David Lachman | Assistant United States Attorney

National Security Division

United States Attorney's Office | Central District of California

312 North Spring Street | Los Angeles, California 90012

T: 213.894.5564 | david.lachman@usdoj.gov

From: Paul Bilzerian <pabilzeria@aol.com>
Sent: Wednesday, March 18, 2026 2:23 PM
To: Lachman, David (USACAC) <David.Lachman@usdoj.gov>
Cc: Pang, Jason (USACAC) <Jason.Pang@usdoj.gov>
Subject: [EXTERNAL] Re: United States v. Bilzerian, 2:24-CR-00569-MEMF

Dear Mr. Lachman,

Thank you for your email message. As Mr. Pang knows, I submitted a visa application on January 19, 2025, to the US State Department Embassy in Barbados and then asked your office to assist me in obtaining approval of the application.

On October 29, 2025, I filed a Notice of Appearance and Demand for a Speedy Trial. On November 11, 2025, I filed a Motion to Dismiss the Indictment for violation of my right to a speedy trial (at that time the trial was scheduled for January 12, 2026). That motion is pending and the trial has been rescheduled to October 19, 2026. If my Motion to Dismiss is granted, then there will be no need for me to travel to the United States. If my Motion to Dismiss is denied and affirmed on appeal, and the trial goes forward, then I will need permission to enter the United States. The easiest and most convenient way for me to enter

the United States would be for the government to grant my application for a visa. If that does not happen, I have offered to arrange for the head of Security for St. Kitts to accompany me to Los Angeles, where I can be arraigned, released on my own recognizance, and fully participate in my trial where I intend to defend myself. Neither of these options will cost the government any money or inconvenience.

Although I will be 76 years old by the time of the scheduled trial, I am in good health, take no medication, and have no physical disabilities, and will not require court-appointed counsel, so I should not be a burden or cost to the United States.

We have seven months before trial to arrange for the visa or to schedule the Head of Security for St. Kitts to accompany me to Los Angeles, should my appearance be necessary in the event my Motion to Dismiss is denied and the government chooses to proceed to trial. Once again, thank you for reaching out and I look forward to working with you to secure my access to the United States, should it be necessary.

Respectfully,

Paul Bilzerian

On Wednesday, March 18, 2026 at 05:50:43 PM GMT-4, Lachman, David (USACAC) <david.lachman@usdoj.gov> wrote:

Mr. Bilzerian,

If you are willing to travel to the United States to be arraigned in the criminal case, the government will facilitate your entry into the country without the need for obtaining a U.S. visa. Please book a direct flight from Robert L. Bradshaw International Airport (SKB) in St. Kitts to John F. Kennedy International Airport (JFK) on April 14, 21, or 28, 2026, and then provide us with your travel confirmation. Prior to your departure, we will arrange for you to obtain the requisite travel documents from the U.S. Embassy in Bridgetown.

If instead you are not willing to travel voluntarily to the United States, or your willingness is conditioned on a decision on any pre-trial motions, please let us know.

Respectfully,

David Lachman | Assistant United States Attorney
T: 213.894.5564 | david.lachman@usdoj.gov

**From:** Paul Bilzerian <PABilzeria@aol.com>
**Date:** March 20, 2026 at 4:01:06 PM AST
**To:** "Lachman, David (USACAC)" <David.Lachman@usdoj.gov>
**Cc:** "Pang, Jason (USACAC)" <Jason.Pang@usdoj.gov>
**Subject: Re: [EXTERNAL] Re: United States v. Bilzerian, 2:24-CR-00569-MEMF**

Dear Mr. Lachman,

Thank you for your email below. As Mr. Pang knows, I was willing to travel to the United States for an arraignment, and made every effort to do so, from the time of the indictment in September 2024 until November 11, 2025, when I filed my Motion to Dismiss for violation of my right to a speedy trial. From today to the date of the scheduled trial is 214 days, three times longer than the 70 days required under the Speedy Trial Act. The period from the date of the indictment to October 19, 2026, amounts to over 750 days, or more than ten times the 70 days required.

Given these background facts, your statement that now, 18 months after the indictment was filed and 7 months after I filed my motion to dismiss the indictment, the government would be willing to facilitate my entry into the United States without the need for me to obtain a visa leads to the following questions to which I would be grateful if you would provide answers.

1. Given my inability to travel to the United States without a visa, what documents can you provide me to ensure me that I would be allowed entry into the United States upon my arrival? And would it make any difference where I entered the United States?

2. Given that my arraignment must take place in the Central District of California, how does a flight to New York facilitate that?

3. Upon my arrival in New York, please explain in detail the process I would have to go through in order to be arraigned, including the timetable (e.g., if I arrive on April 14, 2026, who will meet me and where will I stay that night; what will transpire the following day(s) and where will I be permitted to stay until I arrive in Los Angeles for my arraignment? What transportation will be used to get me to Los Angeles and who would pay for it and what would it cost? My wife plans to accompany me so will she be allowed to stay with me throughout the journey to Los Angeles?).

4. After I am arraigned in Los Angeles, will the government agree that I be released on my own recognizance? If not, please explain why not.

5. After I am arraigned in Los Angeles, will I be allowed to return home to St. Kitts until my trial, given it would be nearly 200 days until trial?

6. If I am not allowed to return home until my trial, where will I be allowed to stay (e.g., with family or friends anywhere in the United States)? What travel restrictions, if any, will the government recommend to the court?

I look forward to receiving your answers to these questions. Thank you.

Respectfully,

Paul Bilzerian

EXHIBIT 3

**Affidavit**

I, **Bervis Burke,** of No. 56 Wades Gardens, Basseterre, in the Island of Saint Christopher, in the Federation of Saint Christopher and Nevis, in the Federation of Saint Christopher and Nevis, Attorney-at-law, make an oath and say as follows:

1. I am an Attorney-at-Law, duly qualified to practice law within the Federation of Saint Christopher and Nevis.

2. The matters herein are within my own personal knowledge.

3. I act as Attorney-at-Law on Behalf of Mr. Paul Bilzerian in relation to an extradition hearing in Saint Kitts and Nevis.

4. On 24th March 2026, pursuant to an Extradition Treaty between St. Kitts and the United States signed on September 18, 1996, Mr. Paul Bilzerian was arrested on a purported extradition request from the United States. To the best of my knowledge there is no reason I am aware of that prevented the United States from making an extradition request to St Kitts eighteen months earlier on September 26, 2024, when Mr. Bilzerian was indicted.

5. The matter was set for an initial hearing on the extradition for 16th April, 2026. On the 16th April, 2026, I appeared in court with co-counsel Derriann Charles, for Mr. Paul Bilzerian. The Director of Public Prosecutions appeared for the Government of Saint Kitts and Nevis and asked the Court for the proceedings to be adjourned sine die, which request was granted by the court. That was the last hearing in relation to the extradition of Mr. Bilzerian, which continues to be adjourned indefinitely. No meaningful hearing ever took place on the issue of Mr. Bilzerian's extradition to the United States.

6. With respect to bail for Mr. Bilzerian, which is normally routinely granted, at a hearing on the 26th March 2026, the Prosecution objected to Mr. Bilzerian's application to be granted bail, on the grounds that the offences alleged by the United States are of a serious nature and that he was a flight risk. There has never been any credible evidence to support the Prosecution's claim that Mr. Bilzerian was a flight risk which was acknowledged by the High Court Judge Thompson. To the contrary, as Judge Thompson acknowledged, Mr. Bilzerian had ample opportunity to flee and chose to remain in custody and face the extradition proceedings.

7. Mr. Bilzerian was remanded to Prison on 26th March 2026. Mr. Bilzerian was not allowed access to any electronic devices including his phones or his legal files for almost two months. The only people that were allowed to visit Mr. Bilzerian were his two attorneys, Derriann Charles and I.

8. On 20th May, 2026, Mr. Bilzerian was then granted limited bail conditions that allowed him to move back to his place of residence. The bail application hearing was then adjourned to 28th May, 2026.

9. On 28th May, 2026, the court requested that a representative from the U.S Department of Justice attend the next hearing on 11th June 2026, via Zoom to get an update on whether they were pursuing the extradition. However, at the 11 June 2026 hearing, no one from the U.S. Department of Justice appeared. The Judge then adjourned the bail proceedings Sine Die. As of today, the extradition proceedings are adjourned indefinitely.

**SWORN TO/AFFIRMED** by **BERVIS C. BURKE**

at Basseterre, St. Kitts,

This 17th day of August, 2026 ..............................................................

Before me:

..............................................................

Notary Public